UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:12-cv-1334-ORL-37-GJK

DEANNA ANDERSON and DONALD ANDERSON,

    Plaintiffs,

v.

REGIONAL ACCEPTANCE CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this District, where Plaintiffs reside in this district, and where Defendant transacts business in this District.

### PARTIES

4. Plaintiffs, DEANNA ANDERSON ("Ms. Anderson") and DONALD ANDERSON ("Mr. Anderson") (collectively "Plaintiffs"), are natural persons who at all relevant

times resided in the State of Florida, County of Brevard, and City of Titusville.

5. Plaintiffs are "consumers" as defined by the FCCPA.

6. Defendant is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

7. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

8. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Prior to June 2012, in connection with the collection of an alleged debt in default ("the Debt"), Defendant began placing telephone calls to Ms. Anderson and Mr. Anderson.

11. Plaintiffs sent Defendant written communication, via certified mail, dated July 2, 2012, and in such communication, demanded that Defendant cease and desist from communicating with Plaintiffs, and from placing any and all further calls to Plaintiffs' residence, cellular telephones, and/or place of employment. *See* Correspondence, attached hereto as Exhibit "A."

12. Defendant received Plaintiffs' cease and desist letter on July 3, 2012 at 10:43 A.M. *See* USPS Certified Mail receipt and Tracking Information, attached hereto as Exhibit "B."

13. Despite having received Plaintiffs' demand to cease and desist from placing any and all telephone calls to Plaintiffs, Defendant placed calls to Ms. Anderson's cellular telephone, including, but not limited to, calls placed on the following dates and times:

- July 11, 2012 at 12:28 P.M.;
- July 12, 2012 at 2:07 P.M.;
- July 13, 2012 at 2:41 P.M.;
- July 16, 2012 at 2:09 P.M.;
- July 19, 2012 at 3:47 P.M.;
- July 20, 2012 at 12:05 PM.;
- July 21, 2012 at 9:28 A.M.;
- July 23, 2012 at 2:01 P.M.;
- July 23, 2012 at 6:38 P.M.;
- July 24, 2012 at 12:52 P.M.;
- July 24, 2012 at 5:19 P.M.;
- July 25, 2012 at 12:20 P.M.;
- July 25, 2012 at 1:58 P.M.;
- July 25, 2012 at 4:20 P.M.;
- July 26, 2012 at 12:52 P.M.;
- July 26, 2012 at 2:52 P.M.;
- July 26, 2012 at 6:32 P.M.;
- July 27, 2012 at 2:02 P.M.;
- July 28, 2012 at 12:03 P.M.;
- July 28, 2012 at 2:14 P.M.;
- July 30, 2012 at 9:51 A.M.; and
- July 30, 2012 at 1:53 P.M.

14. Despite having received Plaintiffs' demand to cease and desist from placing any and all telephone calls to Plaintiffs, Defendant placed calls to Mr. Anderson's cellular telephone, including, but not limited to, calls placed on the following dates and times:

- July 11, 2012 at 12:28 P.M.;

- July 12, 2012 at 2:07 P.M.;
- July 13, 2012 at 2:41 P.M.;
- July 14, 2012 at 12:00 P.M.;
- July 14, 2012 at 1:37 P.M.;
- July 15, 2012 at 8:13 A.M.;
- July 16, 2012 at 2:09 P.M.;
- July 17, 2012 at 4:49 P.M.;
- July 18, 2012 at 12:50 P.M.;
- July 21, 2012 at 9:29 A.M.;
- July 22, 2012 at 6:59 P.M.;
- July 23, 2012 at 6:38 P.M.;
- July 24, 2012 at 5:38 P.M.;
- July 25, 2012 at 2:02 P.M.;
- July 26, 2012 at 2:50 P.M.;
- July 27, 2012 at 2:04 P.M.;
- July 27, 2012 at 2:04 P.M.; and
- July 30, 2012 at 1:55 P.M.

15. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiffs' cellular telephones using an automatic telephone dialing system.

16. Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

17. Each and every telephone call Defendant placed to Plaintiffs was in connection with the collection of the Debt.

18. Defendant did not have Plaintiffs' prior express consent to make any telephone calls to Plaintiffs' cellular telephones.

19. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs identified above voluntarily.

20. Upon information and good-faith belief, Defendant placed the telephone calls to

Plaintiffs identified above under its own free will.

21. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

22. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

23. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in each of the telephone calls identified above.

24. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in each of the telephone calls identified above.

25. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' cellular telephones.

26. Despite having received Plaintiffs' demand to cease and desist from placing any and all telephone calls to Plaintiffs, Defendant placed calls to Ms. Anderson's place of employment, including, but not limited to, calls placed on the following dates and times:

- July 25, 2012 at 1:51 P.M.;
- July 28, 2012 at 12:00 P.M.; and
- July 30, 2012 at 2:00 P.M.

27. Despite having received Plaintiffs' demand to cease and desist from all further communications, Defendant's agent and/or employee "Marisol Cervantes" sent Ms. Anderson email communication on July 13, 2012 at 2:41 P.M. *See* Correspondence, attached hereto as Exhibit "C."

28. Despite having received Plaintiffs' demand to cease and desist from all further

communications, Defendant's agent and/or employee "Marisol Cervantes" sent Ms. Anderson email communication on July 21, 2012 at 9:29 A.M. *See* Correspondence, attached hereto as Exhibit "D."

29. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF SECTION 559.72(7) OF THE FCCPA

30. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, paragraphs 1 through 29.

31. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiffs, or any member of Plaintiffs' family, with such frequency as would reasonably be expected to harass Plaintiffs, or Plaintiffs' family, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiffs or any member of Plaintiffs' family.

WHEREFORE, Plaintiffs, Deanna Anderson and Donald Anderson, by and through their attorneys, respectfully pray for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiffs' attorneys' fees and costs;

e) Any other relief deemed appropriate by this honorable Court.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

33. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic

telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

34. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29.

35. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

36. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 29th day of August, 2012.

                Respectfully submitted,
                **DEANNA and DONALD ANDERSON**

                By: s/ Alex D. Weisberg
                ALEX D. WEISBERG
                FBN: 0566551
                WEISBERG & MEYERS, LLC
                ATTORNEYS FOR PLAINTIFFS
                5722 S. Flamingo Rd, Ste. 656
                Cooper City, FL 33330
                (954) 212-2184
                (866) 577-0963 fax
                aweisberg@attorneysforconsumers.com